# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RODNEY E. DELAWDER,<br>    Petitioner, | Case No. 1:16-cv-743 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, ROSS<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5). This matter is before the Court on respondent's motion to dismiss (Doc. 11), petitioner's motion to stay (Doc. 12), petitioner's motion to dismiss without prejudice (Doc. 15), and petitioner's motion for leave to file an amended petition (Doc. 16).

For the reasons that follow, it is recommended that petitioner's motion for leave to file an amended petition be granted (Doc. 16), respondent's motion to dismiss be denied (Doc. 11), and petitioner's remaining motions (Doc. 12, 15) be denied as moot.

## I.  PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On February 26, 2013, the Lawrence County, Ohio, grand jury returned a three-count indictment charging petitioner with murder, improperly discharging a firearm into a habitation or school, and felonious assault. (Doc. 10, Ex. 1). Petitioner, through counsel, pled not guilty to the charges in the indictment. (Doc. 10, Ex. 2). Petitioner also filed a motion to suppress the testimony of a witness—his mother-in-law, Carolyn McKnight—on the ground of mental

incompetence and a motion to suppress all DNA evidence, which were denied by the trial court. (Doc. 10, Ex. 3, 4, 5, 6). Following a jury trial, petitioner was found guilty of all charges and sentenced to an aggregate prison sentence of twenty-two years to life in the Ohio Department of Corrections. (Doc. 10, Ex. 7, 8, 9)

On April 4, 2014, petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 10, Ex. 10). Petitioner raised the following two assignments of error:

1. The Trial Court committed an abuse of discretion and reversible error in its decision to deny Appellant's Motion To Suppress, as it pertains to DNA testing, by allowing the State to present evidence of the Defendant's DNA on the shotgun when the State incorrectly advised Defendant's counsel that the DNA on the shotgun shell had been contaminated and not tested when, in fact, it had [been] preserved by the State but not tested until the fourth day of trial.

2. Trial counsel's refusal to call expert witnesses and character witnesses amounted to ineffective assistance of counsel to such extent that the Defendant was deprived of a fair trial and, but for the ineffective assistance of counsel, the result of the proceeding below would have been different.

(Doc. 10, Ex. 11 at PageID 438). On May 12, 2015, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (*See* Doc. 10, Ex. 14 at PageID 470–82).

Petitioner filed a timely notice of appeal to the Ohio Supreme Court, raising the same assignment of errors as propositions of law. (*See* Doc. 10, Ex. 15). On August 26, 2015, the Ohio Supreme court declined jurisdiction over the appeal. (*See* Doc. 10, Ex. 18).

**Federal Habeas Corpus**

Petitioner commenced this federal habeas corpus action on July 1, 2016. (Doc. 5). Petitioner raises the following four grounds for relief in the petition:

GROUND ONE: (Actual Innocents) [sic] Suppression of Carolyn McKnight's

2

testimony on grounds of mental status.

GROUND TWO: (Actual Innocents) [sic] Failure to provide motion for competency hearing violating due process rights.

GROUND THREE: (Actual Innocents) [sic] State mislead jury with false DNA and ballistics reports different than eye witness, lied about tests ran.

GROUND FOUR: (Actual Innocents) [sic] Ineffective counsel—failure to call witnesses, raise facts, appeal of issues.

(Doc. 5).

On December 1, 2016, respondent filed a motion to dismiss. (Doc. 11). In the motion, respondent contends that the petition is subject to dismissal on the ground that petitioner has failed to exhaust his state court remedies. Specifically, respondent argues that because petitioner's ineffective assistance of appellate counsel claim asserted in Ground Four was not presented to the Ohio Courts, the petition is a mixed petition subject to dismissal without prejudice. Alternatively, respondent asks the Court to order petitioner to delete his unexhausted ineffective assistance of counsel claim from the petition.

On December 19, 2016, petitioner filed a motion to stay the case while he returned to the state courts to exhaust his ineffective assistance of appellate counsel claim through a delayed application to reopen his appeal. (Doc. 12). Respondent has filed a response in opposition to the motion on the ground that petitioner fails meet the standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) for the Court to stay the action.

Petitioner filed a reply and alternate request for the Court to dismiss this case without prejudice on January 19, 2017. (Doc. 14, 15).

Petitioner subsequently filed a motion for leave to file an amended petition in lieu of stay

3

and abeyance. (Doc. 16). Therein, petitioner claims that the inmate who drafted his original petition "had actually filed somewhat bogus grounds . . .which . . . were not exhausted" and requests leave to file an amended petition with only the "proper" grounds for relief. (*Id.* at PageID 547). Respondent filed a response in opposition to the motion on March 23, 2017. (Doc. 17). Noting that petitioner failed to specify his new grounds for relief, respondent argues that petitioner fails to demonstrate that the new claims relate back to the original petition and are therefore time-barred. Petitioner has filed a reply, arguing that he "seeks to file an amended petition, and while sticking with the exact same facts in both time and type as he set forth in his original petition, (except that he seeks to supplant the grounds of the original petition with grounds which were in fact completely presented to all State courts." (Doc. 18 at PageID 555).

On June 26, 2017 the Court received an amended petition from petitioner. Therein petitioner raises the following two grounds for relief:

> **GROUND ONE**: Trial court committed reversible error in denying [the] motion to suppress DNA testing by allowing the state to present evidence of defendants DNA on the shotgun shell, when the state incorrectly advised counsel that the DNA was contaminated and not tested, when it in fact was preserved by not tested by the state until day four of trial.
>
> Supporting facts: The trial court denied a motion to suppress evidence of DNA taken from a shotgun shell, where said DNA was not produced by the State until day four of the trial, and the State had previously lied to defense counsel and stated that the DNA was not tested because the shell was contaminated. Not only does this give rise to a right to suppress, but also is indicative of clear evidence that the DNA results ultimately used to obtain conviction was in fact "contaminated" and thus inadmissible, and accordingly, Petitioner Delawder has not been proven guilty of all elements of the offense beyond a reasonable doubt.
>
> **GROUND TWO:** Trial counsel's refusal to call expert witnesses, and character witnesses, amounted to ineffectiveness to the extent to derivation of the right to a fair trial.

4

> Supporting facts. The defense counsel was deficient in failing to call an expert, in light of the above Ground One. Because an expert could have actually re-examined the DNA of the shotgun shell, and made the finding that prosecutions claims all along (until day four of trial) that the shell was "contaminated", was actually the correct conclusion, and therefore, it is inadmissible and said conviction cannot stand as a matter of law. It was further ineffectiveness to fail to call character witnesses for Petitioner, which could have attested to the character of Delawder which is contrary to that of a murderer. This was a [jury] trial, and the jurors were presented with "contaminated" evidence, and said juror's did not even know about that contamination, all due to ineffective counsel at trial.

## II. OPINION

Fed. R. Civ. P. 15, which governs pleading amendments in civil cases, is applicable to federal habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The factors that the Court should consider in determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Fed. R. Civ. P. 15(c) further states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

In this case, the undersigned finds that the claims raised in petitioner's amended petition relate back to the original petition and, therefore, the "new claims" are not time-barred, as argued by respondent. As indicated by petitioner, the two grounds for relief in the amended petition are the exact claims that were presented to the Ohio courts and also appear to have been raised by petitioner as Grounds Three and Four of his original petition. Therefore, the two grounds for

relief raised in the amended petition relate back to Ground Three and Four of the original petition.

After considering the above factors and for good cause shown, petitioner's motion to amend the petition should be **GRANTED**. (Doc. 16). Furthermore, because the amended complaint no longer includes the unexhausted ineffective assistance of counsel claim raised in the original petition, respondent's motion to dismiss (Doc. 11) should be **DENIED.**

Finally, in light of the above recommendation for petitioner to be permitted to amend his habeas corpus petition, the Court should **DENY as moot** petitioner's motion to stay and motion to dismiss without prejudice. (Doc. 12, 15).

The Clerk of Court is hereby **DIRECTED** to docket the amended petition as such on the Court's online docket.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's motion to amend (Doc. 16) be **GRANTED.**
2. Respondent's motion to dismiss (Doc. 11) be **DENIED.**
3. Petitioner's motion to stay (Doc. 12) and motion to dismiss (Doc. 15) without prejudice be **DENIED as moot.**

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RODNEY E. DELAWDER,  
    Petitioner,

vs.

WARDEN, ROSS  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:16-cv-743

Barrett, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).