**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

RODNEY E. DELAWDER,

              Petitioner,     :     Case No. 1:16-cv-743

  - vs -                              District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

Warden,
  Ross Correctional Institution

                               :
              Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 28) to the Magistrate Judge's Report and Recommendations which recommended dismissing the Petition with prejudice (ECF No. 27). Judge Barrett has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 29).

**Argument that the Return was Untimely Filed**

Petitioner had argued that Respondent's Return of Writ was untimely filed and therefore could not be considered by the Court. The Report concluded that there was no date set by Magistrate Judge Bowman for filing the Return (considering that a motion to dismiss intervened) and that the Return was therefore not untimely (Report, ECF No. 27, PageID 1296-97). Petitioner

1

objects with a recalculation of the due date and again asserts that the Court is prohibited from considering the Return because it was untimely filed.

The argument about whether the Return was untimely is ultimately immaterial. No law cited by Petitioner or known to the Court prohibits a habeas court from considering a "late" return of writ. Federal law has a strong preference for considering cases on their merits. Even where a defendant has been formally declared to be in default, Fed. R. Civ. P. 55 allows the court to set aside the default so that the case can be heard on the merits. There was no formal declaration of default here; Petitioner did not seek one. But even if a default had been declared, the Court would be inclined to set it aside so as to hear the merits of the case.

**Argument that the Return is Barred by the Law of the Case**

Petitioner argued that, by virtue of the law of the case doctrine, the defenses raised in the Return of Writ were barred because they had not been raised in the Motion to Dismiss. The Report explained that law of the case is about not changing decisions of the court already made in a case; "[l]aw of the case does not act to bar consideration of arguments not made at an earlier stage of the case, so long as they are properly raised later." (Report, ECF No. 27, PageID 1298).

Delawder objects that a federal habeas court must follow the state law of the case doctrine when deciding a § 2254 case, on analogy to application of state law in diversity actions (Objections, ECF No. 28, PageID 1312.) But state substantive law is applicable in diversity actions because the state law provides the substantive cause of action. 28 U.S.C. § 1652. In habeas, the substantive cause of action is provided by the United States Constitution. And even in diversity cases in federal court, federal procedural law applies. *Sibbach v. Wilson*, 312 U.S. 1, 14 (1940).

The defense raised in the Motion to Dismiss was lack of exhaustion of state court remedies. As pointed out in that Motion, district courts are not permitted to adjudicate "mixed" habeas petitions – petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)(ECF No. 11, PageID 528). Fed. R. Civ. P. 12(b)(6) permits a defendant to raise by motion matters such as lack of exhaustion. While the exhaustion doctrine is, strictly speaking, not a jurisdictional requirement, it does limit the power of a habeas court to decide a case when a mixed petition is filed. Hence it is in the interest of judicial economy to decide the exhaustion issue first.

The Return was not untimely and the law of the case doctrine does not prevent the Court from considering the Return of Writ.

**Ground One: Failure to Suppress DNA Evidence**

In his First Ground for Relief, argues that the DNA evidence implicating him in the shooting death of John McKnight should have been suppressed. His DNA was found in many places on the murder weapon, but not on the shell casing. His trial attorney filed a motion to exclude the DNA evidence altogether because he had been advised, incorrectly that any DNA on the shell casing from the murder round had been contaminated and could not be tested. On the fourth day of trial it was determined this was incorrect. The trial judge then granted a defense motion to test the swab from the shell casing which showed there was no DNA on it, consistent with the forensic scientist's testimony that firing a shell will destroy and DNA present and that she had never recovered a DNA profile from a fired shell, despite testing thousands (Quoted in Report from appellate decision, ECF No. 27, PageID 1300).

The Report concluded that this claim – that the DNA evidence should not have been admitted – was a claim under Ohio evidentiary law, not a federal constitutional claim. *Id.* at PageID 1301. Delawder objects that some violations of state law are actionable in habeas if they "are of Constitutional magnitude." (Objections, ECF No. 28, PageID 1312-13.) The only Sixth Circuit case relied on by Delawder is *Walker v. Engle,* 703 F.2d 959 (6th Cir. 1983), in which the court held that the cumulative effect of many errors in the admission of evidence denied Walker a fair trial. The *Walker* court noted the general rule:

> *Bell v. Arn*, 536 F.2d 123 (6th Cir. 1976); *Reese v. Cardwell*, 410 F.2d 1125 (6th Cir. 1969). Yet, errors of state law, including evidentiary rulings, which result in a denial of fundamental fairness will support relief in habeas corpus. *Handley v. Pitts*, 491 F. Supp. 597, 599 *aff'd.*, 623 F.2d 23 (6th Cir.1980); *Maglaya v. Buchkoe*, 515 F.2d 265 (6th Cir.), *cert. denied*, 423 U.S. 931, 46 L. Ed. 2d 260, 96 S. Ct. 282 (1975); *Gemmel v. Buchkoe*, 358 F.2d 338 (6th Cir. 1966).

*Id.* at 962. Since *Walker* was decided in 1983, the federal courts have held that cumulative error is no longer to be considered a basis for habeas corpus relief. "Post-AEDPA[1], that claim is not cognizable." *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006).

> Moreland argues that the cumulative effect of counsel's errors should be considered in determining whether he has demonstrated a reasonable probability of a more favorable outcome. However, "post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief." *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010) (quoting *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)).

*Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), *cert. denied sub nom. Moreland v.*

---

[1] The Antiterrorism and Effective Death Penalty Act was effective April 24, 1996.

*Robinson*, 134 S. Ct. 110 (2013). See also *Ahmed v. Houk*, 2014 U.S. Dist. LEXIS 81971, *332 (S.D. Ohio 2014).

Perhaps more importantly, Delawder has not demonstrated that the admission of the DNA evidence against him was in any way a violation of Ohio law. The state court of appeals found no such violation and its conclusion on that point is binding in federal court.

Delawder also objects that he asked for an evidentiary hearing to rebut the presumption of correctness attaching to the state court findings (Objections, ECF No. 28, PageID 1313). However, the Supreme Court has held that district courts may not conduct evidentiary hearings unless they have previously found, on the basis of the state court record, that the state courts' findings are unreasonable in light of the evidence presented in the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Finally, Delawder object to denial of a certificate of appealability based generally on the number of federal cases he has cited. But he has failed to show reasonable jurists would disagree on the particular issues he has raised.

**Conclusion**

Having reviewed the Report in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because the Magistrate Judge is not persuaded that reasonable jurists would disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in*

*forma pauperis*.

February 8, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).