# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Rodney E. Delawder,

      Petitioner,

v.

Warden, Ross Correctional Institution

      Respondent.

Case No.: 1:16-cv-743

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's January 19, 2019 Report and Recommendation ("R&R") (Doc. 27); and February 8, 2019 Supplemental R&R (Doc. 30).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&R and the Supplemental R&R. (Docs. 28, 31).

For the reasons stated below, Plaintiffs' Objections are OVERRULED; and the Court ADOPTS the Magistrate Judge's January 19, 2019 R&R and February 8, 2019 Supplemental R&R.

### I.    BACKGROUND

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Following a jury trial, Petitioner was found guilty of murder, improperly discharging a

firearm into a habitation or school, and felonious assault. The Magistrate Judge has set forth the procedural and factual background in the R&Rs and the same will not be repeated here except to the extent necessary to address Petitioner's objections.

In his Amended Petition, Petitioner claims two grounds for relief. The first ground is that the trial court committed reversible error in denying his motion to suppress DNA testing. The second ground is based upon his trial counsel's refusal to call expert witnesses and character witnesses.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Filing of the return

In his Objections, Petitioner maintains that the filing of the Return was untimely and therefore it cannot be considered.

On July 15, 2016, the Magistrate Judge ordered Respondent to file a response within sixty days. In lieu of an answer, Respondent filed a Motion to Dismiss. (Doc. 11).

Petitioner then filed a Motion for Leave to Amend his Petition. (Doc. 16). The Court denied Respondent's Motion to Dismiss and granted Petitioner leave to amend on August 21, 2017. (Doc. 20). Therefore, the Amended Petition was filed August 21, 2017. No deadline was set for the filing of the Return. Respondent filed the Return on November 3, 2017.

Rule 4 of the Rules Governing Section 2254 Cases provides: "the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." As one district court has explained:

> The Supreme Court promulgated the 2254 Rules pursuant to 28 U.S.C. § 2072, which gives that Court the power to promulgate rules of practice and procedure for federal district courts. *See Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D.Ill.1985). Section 2072 provides that such rules "shall not abridge, enlarge or modify any substantive right." Section 2072 also provides, however, that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," and further indicates that nothing in Title 28 "shall in any way limit, supercede, or repeal any such rules heretofore prescribed by the Supreme Court." Therefore, Rule 4 of the Rules Governing Section 2254 Cases is given the force of a superseding statute to 28 U.S.C. § 2072(b). This Rule therefore has precedence over 28 U.S.C. § 2243 and gives this Court reasonable discretion to set the deadline for a response to a habeas petition. *See Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D.Ill.1996); *Kramer*, 108 F.R.D. at 431–32; *See also Wyant v. Edwards*, 952 F.Supp. 348, 351–52 (S.D.W.Va.1997) (Rule 4 of the habeas corpus rules giving district courts discretion to fix time limit within which respondent must answer the habeas petition prevails over federal rule providing fixed time periods for responses in habeas proceedings).

*Hendon v. Burton*, No. 2:14-CV-14023, 2014 WL 8186698, at *1 (E.D. Mich. Nov. 17, 2014); *see also Baker v. Middlebrooks*, No. 5:08CV44-RS-MD, 2008 WL 938725, at *1 (N.D. Fla. Apr. 8, 2008) (collecting cases recognizing a district court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases).

3

In light of the discretionary authority of this Court to set deadlines under Rule 4 of the 2253 Rules, the Court finds no error in the Magistrate Judge's conclusion that the filing of the Return was not untimely.

### C. Law of the case

In his Objections, Petitioner argues that under the law of the case doctrine, any issue Respondent could have raised in its Motion to Dismiss cannot be raised at a later date. The Magistrate Judge concluded that the law of the case doctrine is not applicable in this instance.

The Sixth Circuit has explained the law of the case doctrine as follows:

> The doctrine of law of the case provides that the courts should not "reconsider a matter once resolved in a continuing proceeding." 18B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice And Procedure: Jurisdiction And Related Matters § 4478 (4th ed. 2015). "The purpose of the law-of-the-case doctrine is to ensure that 'the same issue presented a second time in the same case in the same court should lead to the same result.'" *Sherley v. Sebelius*, 689 F.3d 776, 780 (D.C.Cir. 2012) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C.Cir. 1996)). For a prior decision to control, the prior tribunal must have actually decided the issue. Wright et al., *supra*, § 4478. "A position that has been assumed without decision for purposes of resolving another issue is not the law of the case." *Id*.

*Howe v. City of Akron*, 801 F.3d 718, 739–40 (6th Cir. 2015). Accordingly, any issues which were not raised in Respondent's Motion to Dismiss and not decided by this Court cannot serve as the same issue in the same case for purposes of the law of the case doctrine. Therefore, the Court finds no error in the Magistrate Judge's conclusion that the law of the case doctrine is not applicable to the extent which it has been argued by Petitioner.

4

**D. Ground One**

In Ground One, Petitioner maintains that the state trial court committed reversible error in denying his motion to suppress DNA testing.  The Magistrate Judge concluded that to the to the extent Petitioner is arguing that it was error for the Fourth District Court of Appeals to not reverse the trial court because it did not suppress the DNA evidence, that is a question of Ohio evidentiary law which this Court cannot re-examine.

In his Objections, Petitioner argues that evidentiary claims are cognizable in habeas when they are of a constitutional magnitude.

"Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994) *cert. denied*, 513 U.S. 1061, 115 S.Ct. 674, 130 L.Ed.2d 607 (1994).  "This general rule regarding the limited cognizability of evidentiary claims on federal habeas review applies equally to claims based on the allegedly improper admission of scientific evidence." *Coy v. Renico*, 414 F. Supp. 2d 744, 756 (E.D. Mich. 2006) (citing *Norris v. Schotten*, 146 F.3d 314, 335 (6th Cir. 1998)).  Here, however, Petitioner has not specified how the denial of the motion to suppress the State's use or reference to any DNA evidence denied him a fair trial.

To the extent Petitioner claims that the State withheld material exculpatory evidence from him in violation of his due process, the Magistrate Judge concluded that the state court's ruling was not objectively unreasonable and did not result in a decision that was contrary to clearly established federal law.  *See* 28 U.S.C. § 2254(d).

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87, 83 S.Ct. 1194. As part of his direct appeal, Petitioner argued that the State withheld discovery of material exculpatory evidence in the form of the untested swab of the fired shotgun shell. The Fourth District Court of Appeals concluded that the mere possibility that the fired shell could still be tested for DNA did not establish that this evidence was materially exculpatory. The Court finds no error in the Magistrate Judge's conclusion that this was not an objectively unreasonable application of *Brady*; and Petitioner's Ground One for Relief should be dismissed with prejudice.

### E. Ground Two

In Ground Two, Petitioner claims that his trial counsel provided ineffective assistance when he failed to call a DNA expert who could have testified that the spent shell was contaminated, and failed to call character witnesses. The Magistrate Judge concluded that the Fourth District Court of Appeal's rejection of this claim was not an objectively unreasonable application of the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, "because the *Strickland* standard is a general standard, a state court

has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). The Fourth District Court of Appeals noted that counsel did retain firearms and DNA experts, but because calling witnesses is within the realm of trial tactics, counsel did not have a duty to call an expert witness at trial. As to the failure to call character witnesses who could have rebutted the evidence concerning his alleged violent nature when drinking alcohol, the Fourth District Court of Appeals explained that Petitioner's own wife and sister testified about his drinking and violent behavior, and counsel could have reasonably determined that no character witnesses would have credibly testified in rebuttal.

While it does not appear that Petitioner objects to the Magistrate Judge's conclusions as to Ground Two, the Court nevertheless finds no error in the Magistrate Judge's conclusion that Fourth District's decision was not an objectively unreasonable application of *Strickland*; and Petitioner's Ground Two for Relief should be dismissed with prejudice.

### F. Evidentiary Hearing

In his Objections, Petitioner argues that he is entitled to an evidentiary hearing. However, the Sixth Circuit has explained that based on *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011), "district courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). Because the state court resolved

7

Petitioner's claims on the merits, the Magistrate Judge properly concluded that Petitioner is not entitled to an evidentiary hearing.

## G. Certificate of Appealability

In his Objections, Petitioner maintains that a certificate of appealability should issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034, 154 L. Ed. 2d 931 (2003). Here, Petitioner has not satisfied this standard; and therefore, there is no error in the Magistrate Judge's conclusion that a certificate of appealability should not issue.

## III. CONCLUSION

Based on the foregoing, the Magistrate Judge's January 19, 2019 R&R (Doc. 27) and February 8, 2019 Supplemental R&R (Doc. 30) are **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Amended Petition (Doc. 21) is **DISMISSED with PREJUDICE**;

2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because Petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v.*

*McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) than an appeal of this Order would not be in "good faith" and **DENIES** petitioner's leave to appeal *in forma pauperis.*

4. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          JUDGE MICHAEL R. BARRETT